United States District Court
Eastern District of Michigan
Southern Division

Shedrick Hawkins,

       Petitioner,          Case No. 25-cv-12506

       -vs-

                                Judge Robert J. White

Eric Rardin, Warden,

                                Magistrate Judge Patricia T. Morris

       Respondent.

_____/

## Response to Petition for Writ of Habeas Corpus

The Court should deny Shedrick Hawkin's petition for habeas corpus because the BOP correctly deems him ineligible to receive time credits under the First Step Act based on his statute of conviction.

                                Respectfully submitted,

                                Jerome F. Gorgon Jr.
                                United States Attorney

                                *s/ Sarah Alsaden*
                                Assistant United States Attorney
                                211 West Fort Street, Suite 2001
                                Detroit, MI 48226
                                (313) 226-9146
Dated: October 28, 2025          Sarah.Alsaden@usdoj.gov

United States District Court
      Eastern District of Michigan
       Southern Division

Shedrick Hawkins,

   Petitioner,     Case No. 25-cv-12506

   -vs-
           Judge Robert J. White

Eric Rardin, Warden,
           Magistrate Judge Patricia T. Morris

   Respondent.
_____/

# Brief in Support of Response to Petition for Writ of Habeas Corpus

## Background

In June of 2023, Shadrick Hawkins possessed with the intent to distribute over 400 grams of fentanyl and over 500 grams of cocaine, as well as multiple firearms as a convicted felony. *United States v. Hawkins*, Case No. 23-cr-00181, Doc. 22, Indictment (S.D. Oh. Sep. 7, 2023). Specifically, during a search warrant execution at his house, Hawkins possessed: more than 1,800 gross grams of cocaine; over 1,197 gross grams of fentanyl; and four firearms, including one with a sear

installed to make it fire fully automatic. *Id.* Doc. 1, Complaint, PAGEID #2; Doc. 91, Sentencing Hr'g Tr., PAGEID #351.

Hawkins pleaded guilty to the two charges in the indictment. *Id.*, Doc. 90, Plea Hr'g Tr. Count one charged Hawkins with possession with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl and 500 grams or more of a mixture or substance containing a detectible amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi), and 841(b)(1)(B)(ii). *Id.* Doc. 22, Indictment. Count two charged him with being a felon in possession of a firearm. *Id.* Hawkins was sentenced to 135 months of imprisonment on count one and count two, to be served concurrently. *Id.* Doc #83, Judgment.

Hawkins now petitions for habeas corpus relief. (Petition, ECF No. 1, PageID.62). He complains that the BOP improperly determined that he was ineligible to receive time credits under the First Step Act. *Id.* Hawkins has exhausted his administrative remedies.

3

## Argument

**The petition should be denied because Hawkins's offense is included in 18 U.S.C. § 3632(d)(4)(D)(lxvi), rendering him ineligible to receive time credits under the FSA.**

The record in Hawkins' criminal case reveals he is serving a sentence under 21 U.S.C. §§ 841(b)(1)(A)(vi). Start with the indictment, which references subsection (b)(1)(A)(vi) and copies word-for-word in its specification of the quantity of fentanyl (400 grams or more). *Hawkins*, Case No. 23-cr-00181, Doc. 1, Indictment (S.D. Oh. Sep. 7, 2023). Continue to the plea hearing, during which Hawkins acknowledged that his plea to the specified quantity of fentanyl would trigger a ten year mandatory minimum penalty. *Id.*, Doc. 90, Plea Hr'g Tr., PAGEID #334 (S.D. Oh. May 16, 2024). Additionally, the court acknowledged at sentencing that it was bound by the ten-year mandatory minimum on count one. *Id.*, Doc. 91, Sentencing Hr'g Tr., PAGEID #348 (S.D. Oh. Sep. 25, 2024).

Hawkins is currently serving a 135-month sentence for a conviction under 21 U.S.C. § 841(b)(1)(A)(vi), related to the distribution of 400 grams or more of a mixture containing a detectable amount of fentanyl. *Id.* Doc #83, Judgment. This makes him categorically

ineligible to earn FSA time credit. *Maitland v. Warden, FCI Berlin*, 2024 WL 3541213, at *2–3 (D.N.H. Jan. 31, 2024) ("Since [Maitland's] crime involved more than 400 grams of fentanyl, he is necessarily serving a sentence under subsection (vi), and that makes him categorically ineligible for FSA earned time credits under 18 U.S.C. § 3632(d)(4)(D)(lxvi)."). Hawkins himself repeatedly acknowledges in his petition that he was sentenced under § 841(b)(1)(A). Petition, ECF No. 1, PageID.2, 5–6.

Prisoners sentenced for Hawkins' crime of conviction are categorically ineligible to receive FSA time credits. 18 U.S.C. § 3632(d)(4)(D)(lxvi). The BOP's denial of credits in Hawkins' sentence calculation is therefore not merely consistent with the statute but required by its plain language.

Hawkins resists this interpretation of the statute, arguing that he would only be ineligible if his conduct resulted in death/serious bodily injury or if he were a leader or organizer. Not so. There are five Controlled Substances Act violations in the list of ineligible offenses, each of which covers a distinct class of defendants:

5

- First, defendants are ineligible if they were convicted of offenses alleging that death or serious bodily injury resulted from the use of a controlled substance they manufactured or distributed. 18 U.S.C. § 3632(d)(4)(D)(lviii).

- Second, defendants convicted of offenses involving mandatory-minimum quantities of heroin are ineligible, if their role in the offense was aggravated. 18 U.S.C. § 3632(d)(4)(D)(lxv).

- Third, defendants convicted of offenses involving mandatory-minimum quantities of fentanyl are ineligible, full stop. 18 U.S.C. § 3632(d)(4)(D)(lxvi).

- Fourth, defendants convicted of offenses involving mandatory-minimum quantities of methamphetamine are ineligible, if their role in the offense was aggravated. 18 U.S.C. § 3632(d)(4)(D)(lxvii).

- And finally, defendants convicted of offenses involving mandatory-minimum quantities of any controlled substance are ineligible, if their offense also involved some quantity of fentanyl and their role in the offense was aggravated. 18 U.S.C. § 3632(d)(4)(D)(lxviii).

Hawkins argues that there is no offense described in subsection (d)(4)(D)(lxviii) that would not also be covered by (d)(4)(D)(lxvi). But examples of such offenses are easily conceived. Suppose Hawkins had possessed with intent to distribute, as two separate substances, 500 grams of cocaine and 20 grams of fentanyl. He would still have been sentenced under 21 U.S.C. § 841(b)(1)(B), but not under subsection (b)(1)(A)(vi). So that hypothetical offense would not fall under 18 U.S.C.

§ 3632(d)(4)(D)(lxvi)'s exclusion. It might fall under 18 U.S.C. § 3632(d)(4)(D)(lxviii), however, if the sentencing court found that he played an aggravating role.

Courts that have analyzed subsection (d)(4)(D)(lxvi) have concluded that it means what it says: offenses involving mandatory-minimum quantities of fentanyl render prisoners ineligible for time credits under the FSA. *See Payne v. Rardin,* No. 2:25-CV-11163, 2025 WL 2023001, at *2 (E.D. Mich. July 18, 2025) (finding that prisoner was ineligible to earn FSA credit because his conviction was based on 18 U.S.C. § 3632(d)(4)(D)(lxvi), which only requires a conviction for possession with intent to distribute 40 grams or more of a substance containing fentanyl); *Adams v. Warden Edgefield FCI,* No. 25-cv-1151, 2025 WL 1884116, at *2 (D.S.C. July 8, 2025) (collecting cases denying relief); *see also Daniels v. Warden, FCI Danbury,* No. 25-cv-407, 2025 WL 2098254, at *3–4 (D. Conn. July 25, 2025); *Cowette v. Puzio,* No. 24-cv-1656, 2025 WL 969529, at *4 (D. Conn. Mar. 30, 2025); *Dyson v. Wadas,* No. 24-cv-295, 2024 WL 5040584, at *2 (S.D. Ind. Dec. 9, 2024).

## Conclusion

The petition for a writ of habeas corpus should be denied.

                                    Respectfully submitted,

                                    Jerome F. Gorgon Jr.
                                    United States Attorney

                                    *s/ Sarah Alsaden*
                                    Assistant United States Attorney
                                    211 West Fort Street, Suite 2001
                                    Detroit, MI 48226
                                    (313) 226-9146
Dated: October 28, 2025             Sarah.Alsaden@usdoj.gov

## Certificate of Service

I certify that on October 28, 2025, I electronically filed the Response to Petition for Writ of Habeas Corpus and Brief in Support with the Clerk of the Court using the ECF system and that an employee of the U.S. Attorney's Office mailed a copy via the United States Postal Service to the following non-ECF participant:

>Shedrick Hawkins, Reg. #63025-510
>Milan FCI
>P.O. Box 1000
>Milan, MI 48160

>*/s/ Sarah Alsaden*
>Assistant United States Attorney